Oldham J., delivered the opinion of the court. This was an action of assumpsit, brought by Spears against Taylor, for the recovery of a sum of money received by the defendant of one John D. Moseby for the use of the plaintiff. The defendant filed two pleas, the first, non assumpsit, to which issue was joined, and the second, that the cause of,action did not accrue within three years next before the institution of the suit. To this plea, the plaintiff filed two replications: 1st, “that the defendant, on the tenth day of December, A. D. 1844, by his written acknowledgment admitted that the said demands in said declaration mentioned were justly due ; and 2d, “that within three years next before the institution of this suit the defendant, by his written promise, acknowledged that the said demands in the said declaration mentioned were just and unpaid, and obligated himself thereby to pay the same to the said plaintiff.’5 The first plea denies the plaintiff’s cause of action generally, and to entitle him to a verdict upon that issue, he should have proved the receipt of the money by Taylor, which was done; but it having been received by him as agent and attorney in fact, no cause of action accrued against him until demand made after the receipt of the money, and a refusal by him to pay it over. The rule, as laid down in Sevier vs. Halliday, 2 Ark. R. 512, and Palmer & Southmayd vs. Ashley & Ringo, 3 Ark. R. 75, is strictly applicable to this case. The evidence establishes the receipt of the money, but is wholly insufficient in establishing a legal demand and refusal to pay. Byers swore “that he demanded the amount of money claimed in the declaration within twelve months next before the commencement of this suit, and that Taylor refused to pay it.” He does not state that he was authorized by Spears to make the demand in question, or that he made it in his name, oras his agent or attorney. Taylor might with propriety refuse to pay the money to a person who had no authority to receive it, and whose receipt would be no acquittance. The evidence is defective in another respect in not showing whether the money was demanded before or after the receipt of it by Taylor. The finding of the jury upon this issue was wholly unwarranted by the evidence. The counsel on both sides seem to have misapprehended the questions involved in the issues raised upon' the plea of the statute of limitations. The- replications admit that the cause of action did accrue more than three years next before the commencement of the suit, and attempt to avoid the effect of the statute by averring an acknowledgment and a new promise in writing within three years. The only question thus raised is whether such an acknowledgment and promise were made by the defendant, as to which no proof whatever was introduced. It was incumbent upon the plaintiff to establish the facts thus alleged by him to entitle him to a verdict: and having wholly failed to do so, the verdict in his favor upon these issues was in the absence of all testimony. The instruction given by the court to the jury “that the plea of the statute of limitations was an affirmative plea on the part of the defendant, and that if proof was not introduced in the case sufficient to sustain the plea by the plaintiff, the defendant then in order to avail himself of it must introduce proof to sustain it,” was erroneous, and should not have been given for several reasons. In the first place, the fact, whether the cause of action had accrued within three years was, as has already been shown, not in controversy, but it was admitted by the pleadings that it had not; and if that fact had been put in issue by a traverse of the facts alleged by the plea, the burthen of proof rested upon the plaintiff, and not upon the defendant, as stated by the court. The rule is thus laid down in 2 Stark. Ev. 888, “ on issue taken on the plea of the statute of limitation's that the cause of action accrued within six years, the burthen of proof lies oh the plaintiff, and he must prove a cause of action within.the limit. After proof of the cause of action itself, he must show the commencement of the action according to the issue taken.” But, as before stated, no such issue was taken upon the plea in the case before the court; and the instruction, had it been correct in point of law, being inapplicable to the case and well calculated to mislead the jury, should have been refused. For these reasons the judgment must be reversed and the cause remanded.